IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------------
CLIFTON OLIVER,

                              Plaintiff,

             -vs-

DEPARTMENT OF VETERANS
AFFAIRS, et al,

                              Defendants.
------------------------------------------------------------

CASE NO. 1:10 CV 02264

MEMORANDUM OF OPINION AND ORDER

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1), filed by the defendants the Department of Veterans Affairs and the United States of America. (Doc. 4) The defendants maintain that the Court has no jurisdiction because the plaintiff Clifton Oliver failed to exhaust his administrative remedies pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. Mr. Oliver has not opposed the motion. For the reasons that follow, the motion will be granted.

### I. Background

On 30 August 2010, Mr. Oliver filed suit against the Department of Veterans Affairs, Delores T. Cloud, and Elias A. Khawam in Cuyahoga Court of Common Pleas. The case was removed to this Court on 5 October 2010, and the United States was

substituted as a party defendant, pursuant to 28 U.S.C. § 2679(d)(2). (Doc. 1-1).

In his complaint, Mr. Oliver alleges that the defendants released confidential medical information about him without his consent. The information included statements he had purportedly made to his physician about homicidal thoughts he was having. He claims that the release of information resulted in three state court convictions of retaliation. On these basic facts, Mr. Oliver advances four causes of action: Breach of Confidentiality, Intentional Infliction of Emotional Distress, Invasion of Privacy, and Negligence. (Doc. 1-1).

Mr. Oliver does not allege that he filed an administrative claim against the Department of Veterans Affairs, and the defendants maintain that there is no record of him having done so. As a consequence, the defendants argue, this suit should be dismissed for lack of subject matter jurisdiction. (Doc. 4).

**II. Law and Argument**

In order to sue the United States in tort, the plaintiff must establish that the United States has waived its sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941). The United States has consented to be sued in tort under the terms of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. A prerequisite to suit under the FTCA is the exhaustion by the plaintiff of administrative remedies. 28 U.S.C. § 2675(a). This condition is a jurisdictional requirement not capable of waiver or subject to estoppel. Garrett v. United States, 640 F.2d 24, 26 (6th Cir. 1981).

Where subject matter jurisdiction is challenged pursuant to Federal Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the

motion. Rogers v. Stratton Industries, Inc., 798 F.2d 913, 915 (6th Cir. 1986). When the defendant challenges the factual basis for jurisdiction, the district court must "weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). "In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts. Id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

Upon review of the evidence before it, the Court finds that Mr. Oliver has not met his burden of proving subject matter jurisdiction. The declaration filed by the defendants indicates that there is no record of the plaintiff having filed an administrative tort claim with the Department of Veterans Affairs. (Doc. 4-2, ¶2). Mr. Oliver has provided no contrary evidence or otherwise responded to the defendants' motion. Therefore, because Mr. Oliver has not proved that he exhausted his administrative remedies, the Court is without jurisdiction to hear his case.

### III. Conclusion

For the foregoing reasons, the defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

IT IS SO ORDERED.

*[signature]*
UNITED STATES DISTRICT JUDGE

Date: 1/27/2011